## WHITFORD M. HALL v. IDA M. CROOK.[1]

### October 31, 1919.

### No. 21,387.

**Convict — property rights not forfeited by conviction and sentence — covenant.**

The plaintiff in March, 1910, conveyed to the defendant, his niece, certain premises, in consideration of her giving him care, support and a home during life and burial after death. The obligation to give care, support and a home was made an express lien on the premises, but not so the obligation to give burial. After the partial execution of the agreement, and about October 1, 1910, the plaintiff wrongfully killed the defendant's husband. In December, 1910, he was convicted of murder in the second degree and sentenced to life imprisonment. He was

[1]Reported in 174 N. W. 519.

pardoned in July, 1916. This action was brought after the pardon to cancel the deed. It is *held*:

(1) That under the Constitution providing that there shall be no forfeiture of estate for conviction of crime and the statute providing that one sentenced to life imprisonment shall be deemed civilly dead, the plaintiff did not by his sentence forfeit his property rights.

(2) The deed contemplated that the plaintiff should have a home with the defendant upon the premises conveyed and that he should there receive from her care and support. By his wrongful act in killing her husband he rendered it impossible for her to perform in the spirit contemplated her agreement to give him a home and care and support, and thereby he forfeited his right to claim performance after pardon.

(3) The plaintiff's wrongful act did not affect the obligation of the defendant to give proper burial, but such obligation rests upon a personal covenant and is not a charge upon the land.

Action in the district court for Blue Earth county to cancel a deed. The case was tried before Comstock, J., who made findings and as conclusion of law found that defendant was the owner of the land conveyed. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*C. J. Laurisch, A. R. Pfau, Jr.,* and *H. A. Johnson,* for appellant.
*Walter A. Plymat* and *Hiram Goff,* for respondent.

DIBELL, J.

This is an action to cancel a deed made by the plaintiff to the defendant. There was a judgment for the defendant, adjudging that the defendant was the owner of the premises described in the deed "released and free from any claim, lien, title or interest of the plaintiff." The plaintiff appeals.

The plaintiff is a widower and an uncle of the defendant. On March 26, 1910, he conveyed to her certain premises in Blue Earth county in consideration of his support during life and his burial at a designated place upon his death. The portion of the deed giving the understanding of the parties is as follows:

It is hereby understood and agreed between the parties to this conveyance that as part of the consideration above mentioned the grantee herein named shall provide at her own cost and expense a home for the said

grantor, Whitford M. Hall, upon the premises herein described and conveyed, for and during the term of his natural life, and that during said time she shall provide him with all the necessaries of life, including medical care and treatment in time of sickness or accident, and at his death shall give him a decent burial in the Elm Township Reserve Church burial ground near Diller, Nebraska, and it is further specifically agreed between the parties hereto that the rights of the said grantor, Whitford M. Hall, to a home upon such premises, and to such support, shall be and is hereby constituted a specific lien upon the lands and premises herein described and conveyed, and it is further understood and agreed that if at any time said Whitford M. Hall desires to absent himself from said premises for the purpose of visiting friends living elsewhere or for any other purpose, such absence shall not be deemed an abandonment of any of his rights hereunder, provided, that during the time or times that said Whitford M. Hall may be so absent from the home of said second party, she shall be relieved from furnishing him his living and support until he returns."

Upon the execution of the deed the plaintiff made his home with the defendant until October 1, 1910, when he shot and killed her husband. On December 10, 1910, he was convicted therefor of murder in the second degree and sentenced to imprisonment for life. On July 11, 1916, he was pardoned.

1. The only substantial question is upon the portion of the judgment which in effect determines that the defendant holds the premises conveyed discharged of all obligation on the part of the defendant.

It is the contention of the defendant that upon the plaintiff's conviction he was civilly dead, and so the statute is, and that from then on she held the land discharged of all obligation. This contention is not sustained.

The Constitution provides that no bill of attainder shall be passed and that no conviction shall work corruption of blood or forfeiture of estate. Const. art. 1, § 11. The statute provides that "a person sentenced to imprisonment for life is thereafter civilly dead." G. S. 1913, § 8493.

We leave a full consideration of the Constitution and the statute until a case comes needing it. The plaintiff's sentence and imprisonment did not have the effect, because of the statute making him civilly dead, of

forfeiting his property rights and putting the premises conveyed in the defendant as if he had come to a natural death. This much is clear.

2. The deed contemplated that the plaintiff should have care and support at the home of the defendant upon the premises conveyed. Fairly construed it intended something in the way of personal care and attention on her part. When he killed her husband he made impossible the further performance of the contract by her in the spirit in which it was intended. He cannot take advantage of the impossibility of performance which he has created and his right to care and support are gone and with them the lien-given therefor by the deed.

3. The plaintiff desired that his burial be at a church burial ground of his choice in Nebraska. The defendant's agreement to give such burial was a part of the consideration of the deed, and a substantial part. The reasons that forfeit his claim to care and support do not affect her contract obligation to give him burial. His right to a home and support is made a specific lien upon the premises conveyed. The obligation to give burial, though stated in immediate connection with the obligation to give care and support and a home, is not made a lien. The parties might well enough choose to provide a lien for the right to a home and support and not care to extend it to the obligation to give burial. This is the result of the language of the contract. The obligation remains, but it rests upon a personal covenant of the defendant. It does not affect the land. If ever broken the remedy will be a personal action. The judgment barring the plaintiff from all claim to the land is therefore right. The obligation to give care and support and a home is gone, and the obligation to give burial does not affect the land.

The writer is disposed to think that the obligation to give burial should be enforceable against the land, if there is a breach and occasion requires. This court, in common with other courts, treats contracts for support as of a class by themselves, and if there is a breach relief is afforded by cancelation or charging a lien or by such other relief as the facts justify. 1 Dunnell, Minn. Dig. and 1916 Supp. § 2677, and cases cited. The particular words used are not very important if the purpose of the parties is clear, and the courts are quick to give effect to the intent of the agreement. If the plaintiff had died a natural death, without having forfeited his right to a home and support, and the defendant had

abided by her agreement until his death, and had then declined to keep her covenant to give burial, it seems to the writer that the expenses of burial could be charged against the land. The situation here is not different, for by his wrong the plaintiff forfeited no more than his right to a home and support and care.

Justice Holt concurs in the views of the writer relative to the covenant as to burial, and their view would result in a modification of the judgment.

Judgment affirmed.